

**Brian Calandra**
Partner

December 17, 2024

**VIA ECF**
The Honorable Colleen McMahon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

**Re:** *Core Capital Partners, Ltd. v. Credit Suisse Group AG, et al.,* Case No. 1:23-cv-9287-CM

Dear Judge McMahon,

    We represent plaintiff Core Capital Partners, Ltd. ("Plaintiff") in this putative securities fraud class action ("*Core Capital*"). We write pursuant to Rule I.A of Your Honor's Individual Practices and Procedures to apprise the Court of elements of the motion for class certification filed on December 13, 2024, in a related securities fraud class action captioned *Diabat v. Credit Suisse Group AG, et al.*, Case No. 1:23-cv-5874-CM ("*Diabat*"), that are relevant to the Court's consideration of the pending motion to dismiss in *Core Capital*.[1] The motion for class certification in *Diabat* was filed and/or became known to Plaintiff after briefing of Defendants' motion to dismiss was completed on November 15, 2024.

    As the Court may recall, Plaintiff initially moved to be lead plaintiff in a securities class action (ultimately consolidated into *Diabat*) on behalf of a class of purchasers of Credit Suisse Group AG ("Credit Suisse") securities, including additional tier-one bonds ("AT1 bonds"), and later amended that motion to seek to lead a sub-class of purchasers of Credit Suisse bonds. *See* ECF No. 30 at 3-4. The Court appointed a sole lead plaintiff in *Diabat* ("Professor Diabat") to represent purchasers of Credit Suisse equity and debt securities, and denied Plaintiff's motion on the ground that there were loss causation and damages issues unique to AT1 bonds. *See id.* at 3-4. When Professor Diabat filed his amended complaint, however, he appeared to have abandoned claims regarding AT1 bonds. *See id.* at 7-8. Given that Professor Diabat had abandoned AT1 bondholders' claims, Plaintiff instituted *Core Capital* on their behalf. *See* ECF No. 1.

---

[1] All emphasis is added, and internal citations and quotations omitted, unless otherwise indicated.

bcalandra@pomlaw.com
600 Third Avenue, New York, NY 10016   Main: 212.661.1100   Direct: 646.581.9941
NEW YORK   CHICAGO   LOS ANGELES   LONDON   PARIS   TEL AVIV
www.pomlaw.com

Hon. Colleen McMahon
December 17, 2024
Page 2

After the Court denied in part Defendants' motion to dismiss in *Diabat*, Defendants moved to dismiss *Core Capital* because, *inter alia*, the case "interfered with [Professor Diabat's] ability and authority to manage" the *Diabat* action. *See* ECF No. 28 at 9. When Plaintiff responded that *Diabat* was not pursuing claims on behalf of AT1 bondholders (*see* ECF No. 30 at 7-8), Defendants insisted in their reply that *Diabat*'s amended complaint, which brought claims on behalf of purchasers of "Credit Suisse Securities," could be read to encompass AT1 bondholders. ECF No. 31 at 2. Thus, according to Defendants, "Prof. Diabat will be filing his motion for class certification on December 13, 2024. Were this Court to allow [*Core Capital*] to proceed in parallel with *Diabat*, the Court and . . . Defendants could be faced with two separate class actions that both are brought on behalf of a class including AT1 bondholders." ECF No. 31 at 2.

The memorandum of law (the "CC MOL") and expert report (the "Cain Report") supporting Professor Diabat's December 13 motion for class certification, however, make clear that he does ***not*** represent a class of AT1 Bondholders. *See Diabat*, ECF Nos. 127 (CC MOL) and 128-1 (Cain Report). The CC MOL states that the "'CS Securities' encompassed by the proposed Class consist of (i) Credit Suisse American Depository Shares, (ii) seven Credit Suisse notes ('CS Notes'), and (iii) Credit Suisse options on the CS ADSs," and refers the Court to the Cain Report for the "specific CS Notes." *See* CC MOL at 1 n.1. As reflected in the following table comparing the *Core Capital* complaint with the Cain Report, ***none*** of the CS Notes—*i.e.*, the only debt securities for which class certification is sought—are AT1 bonds:

| Bond | ISIN | CUSIP/ID | Coupon | Maturity | Price Date |
|---|---|---|---|---|---|
| **AT1 Bonds held by Plaintiff:** | | | | | |
| Series DD33 | USH3698DDD33 | BM8815235 | 4.500 | Perpetual | 12/2/2020 |
| Series BZ62 | USH3698DBZ62 | AU3887497 | 7.250 | Perpetual | 9/5/2018 |
| Series CV40 | USH3698DCV40 | ZP5389595 | 5.100 | Perpetual | 1/16/2020 |
| **CS Notes listed in the Cain Report:** | | | | | |
| LAE3 Notes | US22541LAE39 | 22541LAE3 | 7.125 | 7/15/2032 | 7/12/2002 |
| AC5 Notes | US902613AX64 | 225433AC5 | 3.750 | 3/26/2025 | 1/14/2016 |
| AF8 Notes | US902613AY48 | 225433AF8 | 4.875 | 5/15/2045 | 1/14/2016 |
| L2E0 Notes | US22550L2E08 | 22550L2E0 | 0.495 | 2/2/2024 | 1/26/2021 |
| L2G5 Notes | US22550L2G55 | 22550L2G5 | 1.250 | 8/7/2026 | 8/2/2021 |
| L2K6 Notes | US22550L2K67 | 22550L2K6 | 5.000 | 7/9/2027 | 8/18/2022 |
| L2M2 Notes | US22550L2M24 | 22550L2M2 | 7.500 | 2/15/2028 | 1/4/2023 |

*Compare* ECF No. 1 ¶4 *with* Cain Report at 50-54. Accordingly, Professor Diabat has abandoned claims on behalf of AT1 bondholders, and this Court should not prejudice AT1 bondholders by denying them the opportunity to pursue compensation for losses as to them as a class by "subjecting them to a lead plaintiff that would neglect their claims." *See* ECF No. 30 at 8 (quoting *In re New Oriental Educ. & Tech. Grp. Sec. Litig.*, 293 F.R.D. 483, 488 (S.D.N.Y. 2013).

Hon. Colleen McMahon
December 17, 2024
Page 3

      Plaintiff is available at the Court's convenience to address questions or concerns raised in this letter or regarding the Court's consideration of the motion to dismiss *Core Capital* generally.

      Respectfully Submitted,

      **POMERANTZ LLP**

      */s/ Brian Calandra*
      Brian Calandra

      600 Third Avenue, 20th Floor
      New York, NY 10016
      Phone: 212-661-1100
      Email: bcalandra@pomlaw.com

cc:    All Counsel of Record (via ECF)