# CAHILL GORDON & REINDEL LLP
32 OLD SLIP
NEW YORK, NY 10005

| | | | | |
|---|---|---|---|---|
| DANIEL R. ANDERSON | HELENA S. FRANCESCHI | TELEPHONE: (212) 701-3000 | JOHN MacGREGOR | ANDREW SCHWARTZ |
| PETER J. ARMENIO | JOAN MURTAGH FRANKEL | WWW.CAHILL.COM | TRISTAN E. MANLEY | DARREN SILVER |
| HELENE R. BANKS | JONATHAN J. FRANKEL | | BRIAN T. MARKLEY | JOSIAH M. SLOTNICK |
| ANIRUDH BANSAL | SESI GARIMELLA | 1990 K STREET, N.W. | MEGHAN N. McDERMOTT | RICHARD A. STIEGLITZ JR. |
| LANDIS C. BEST | ARIEL GOLDMAN | WASHINGTON, DC 20006-1181 | WILLIAM J. MILLER | SUSANNA M. SUH |
| CHRISTOPHER BEVAN | PATRICK GORDON | (202) 862-8900 | EDWARD N. MOSS | SEAN R. TIERNEY |
| BROCKTON B. BOSSON | JASON M. HALL | | JOEL MOSS | JOHN A. TRIPODORO |
| JONATHAN BROWNSON * | STEPHEN HARPER | CAHILL GORDON & REINDEL (UK) LLP | NOAH B. NEWITZ | HERBERT S. WASHER |
| DONNA M. BRYAN | CRAIG M. HOROWITZ | 20 FENCHURCH STREET | WARREN NEWTON § | FRANK WEIGAND |
| EMEKA C. CHINWUBA | TIMOTHY B. HOWELL | LONDON EC3M 3BY | JULIANA OBREGON | MICHAEL B. WEISS |
| JOYDEEP CHOUDHURI * | COLLEEN TRACY JAMES | +44 (0) 20 7920 9800 | JAVIER ORTIZ | MILES C. WILEY |
| JAMES J. CLARK | DAVID G. JANUSZEWSKI | | DAVID R. OWEN | DAVID WISHENGRAD |
| CHRISTOPHER W. CLEMENT | JAKE KEAVENY | | JOHN PAPACHRISTOS | C. ANTHONY WOLFE |
| AYANO K. CREED | BRIAN S. KELLEHER | WRITER'S DIRECT NUMBER | LUIS R. PENALVER | ELIZABETH M. YAHL |
| PRUE CRIDDLE ± | RICHARD KELLY | | SHEILA C. RAMESH | |
| SEAN M. DAVIS | CHÉRIE R. KISER ‡ | 212-701-3435 | MICHAEL W. REDDY | |
| STUART G. DOWNING | JOEL KURTZBERG | | OLEG REZZY | * ADMITTED AS A SOLICITOR IN ENGLAND AND WALES ONLY |
| ADAM M. DWORKIN | TED B. LACEY | | THOMAS ROCHER * | ± ADMITTED AS A SOLICITOR IN WESTERN AUSTRALIA ONLY |
| ANASTASIA EFIMOVA | ANDREW E. LEE | | PETER J. ROONEY | |
| SAMSON A. ENZER | ALIZA R. LEVINE | | MATTHEW E. ROSENTHAL | ‡ ADMITTED IN DC ONLY |
| JAMES Z. FANG | JOEL H. LEVITIN | | THORN ROSENTHAL | § ADMITTED AS AN ATTORNEY IN THE REPUBLIC OF SOUTH AFRICA ONLY |
| GERALD J. FLATTMANN JR. | MARK LOFTUS | | TAMMY L. ROY | |

December 20, 2024

    Re:  *Core Capital Partners, Ltd.* v. *Credit Suisse Group AG, et al.*, No. 1:23-cv-09287-CM

Dear Judge McMahon:

    We write on behalf of the CS Defendants[1] in response to Plaintiff's December 17, 2024 letter (ECF No. 32; "Plaintiff's Letter") concerning the motion for class certification recently filed in the *Diabat* matter also pending before Your Honor (the "*Diabat* Motion").

    The thrust of Plaintiff's Letter is that, because the *Diabat* Motion does not seek to include AT1 bondholders in the *Diabat* class, this case should be permitted to proceed as a parallel class action on behalf of such bondholders. Plaintiff's Letter at 2.

    This suggestion is incorrect for the reasons already set forth in the CS Defendants' November 15, 2024 reply brief. *See* ECF No. 31 at 3-5. In short, it is Prof. Diabat's prerogative, as the Court-appointed lead plaintiff, to decide how the class is defined and what claims should be brought on behalf of ***all*** CS securities holders. *See id.* at 5. The fact that Prof. Diabat is not seeking to include AT1 bondholders in the proposed *Diabat* class is hardly surprising or unique. In all proposed class actions, "[i]nevitably, ***any*** class definition establishes boundaries as to who may recover." *Id.* at 4 (quoting *In re Bank of America Corp. Securities, Derivative and Employment Retirement Income Security Act (ERISA) Litigation*, 2011 WL 4538428, at *2 (S.D.N.Y. Sept. 29, 2011)) (emphasis added). This does not mean that Core Capital (or anyone else) can advance a separate class action in disregard of the PSLRA-mandated lead plaintiff process, which has already occurred here. *See* ECF No. 31 at 3-4.

---

[1] Unless otherwise specified herein, all capitalized terms bear the meaning assigned to them in the CS Defendants' October 17, 2023 memorandum of law in support of their motion to dismiss (ECF No. 28).

CAHILL GORDON & REINDEL LLP

-2-

As also discussed in the CS Defendants' reply brief, Plaintiff's claims of prejudice fall flat because nothing prevents Core Capital or any other AT1 bondholder from filing an individual (*i.e.*, non-class) action. *See id.* at 4. The implication of Plaintiff's argument appears to be that it has the automatic right to assert claims on a class-wide basis, but such a position is legally meritless.[2]

For these and the other reasons in Defendants' briefs, the Court should treat this case as one brought on Core Capital's individual behalf, and dismiss it with prejudice for failure to state a claim.

Respectfully submitted,

/s/ Herbert S. Washer
Herbert S. Washer
Jason M. Hall
Edward N. Moss
Tammy L. Roy
Nicholas N. Matuschak
Cahill Gordon & Reindel LLP
32 Old Slip
New York, NY 10005
212-701-3000

*Counsel for the CS Defendants*

The Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 24A
New York, New York 10007

**VIA ECF**

cc:   All Counsel of Record

---

[2] Indeed, Plaintiff *already* moved to be appointed Lead Plaintiff on behalf of a class of AT1 bondholders, and Your Honor denied that request. *See, e.g.*, ECF No. 28 at 3.