**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: CREDIT SUISSE SECURITIES FRAUD CLASS ACTIONS | Dkt. No. 1:23-cv-9287-CM |
| This matter relates to: | [rel. 1:23-cv-5874-CM] |
| *Core Capital* | |

### ANSWER OF DEFENDANTS CREDIT SUISSE GROUP AG, AXEL P. LEHMANN, ULRICH KÖRNER, AND DIXIT JOSHI TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendants Credit Suisse Group AG ("CS"), Axel P. Lehmann, Ulrich Körner, and Dixit Joshi (the "Answering Individual Defendants," and, with CS, the "Answering Defendants"), by their respective attorneys, hereby answer the Class Action Complaint dated October 20, 2023 (the "Complaint") filed by Core Capital Partners, Ltd. ("Plaintiff") in the above-captioned action (the "Action"). Any and all allegations not specifically admitted herein are denied. No statement herein constitutes a comment on the legal theories upon which Plaintiff purports to proceed; to the extent the Complaint asserts legal contentions, such legal contentions require no response in this Answer. Answering Defendants respectfully submit that the headings, sub-headings, and unnumbered paragraphs used in the Complaint do not require a response but, for the avoidance of doubt, to the extent they contain allegations against Answering Defendants, such allegations are denied.

By answering the Complaint's allegations collectively, the Answering Defendants do not admit that each Answering Defendant individually possesses knowledge or information sufficient to form a belief as to the truth or falsity of each of the allegations to which Answering Defendants herein provide responses. In particular, Answering Defendants expressly deny that the Answering Individual Defendants possesses knowledge or information sufficient to form a belief as to the

truth or falsity of any allegations concerning alleged events occurring during time periods when they were not employed by CS.

On July 7, 2025, the Honorable Colleen McMahon issued a Decision and Order granting in part and denying in part Defendants' motion to dismiss (Docket No. 34; the "Order"). In the Order, the Court dismissed the vast majority of Plaintiff's claims, holding that Plaintiff may "proceed against [Defendants]" only with respect to five of the 25 alleged misstatements in the Complaint. Order at 9; *see also id.* at 8-14. Among other things, the Court acknowledged that all claims against PricewaterhouseCoopers AG ("PwC") had been voluntarily dismissed, and dismissed all claims against Defendants Horta-Osório, Mr. Gottstein and Mr. Mathers (together, the "Dismissed Individuals"). *See id.* at 5-6.

This Answer responds only to the allegations in the Complaint against Answering Defendants. No statement herein constitutes a comment as to the truth of allegations in the Complaint against any dismissed Defendant or any non-party, including CS's subsidiaries or affiliates. Answering Defendants respond to each paragraph of the Complaint below without prejudice to their position that the allegations and claims described above are no longer properly included in the Complaint and that Plaintiff is not entitled to proceed as to claims that have been dismissed by the Court. Answering Defendants are under no obligation to respond to these allegations and claims for relief, which were properly dismissed by the Court.

For its specific responses to the Complaint, Answering Defendants respond or state as follows:

1.    Paragraph 1 contains Plaintiff's characterization of this Action as to which no response is required. To the extent a response is otherwise required, Answering Defendants admit that Plaintiff purports to represent a putative class, but deny that such Plaintiff's claims have any

merit whatsoever, and aver that in accordance with the Court's Order, the purported Class Period no longer runs from February 18, 2021 through and including March 20, 2023, and that Mr. Horta-Osório, Mr. Gottstein, Mr. Mathers, and PwC are no longer Answering Defendants in this Action. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 1.

2.      Answering Defendants admit that prior to CS's merger with UBS Group AG ("UBS"), it and certain of its subsidiaries provided various financial services in various locations across the world that included wealth management, private banking, and investment banking services.

3.      Answering Defendants admit that prior to CS's merger with UBS, CS's securities offerings included additional tier-one, or "AT1," bonds.  Answering Defendants aver that to the extent Paragraph 3 purports to describe the contents of any public statement by the Swiss Financial Market Supervisory Authority ("FINMA"), the statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the allegations in Paragraph 3.

4.      Pursuant to the Court's Order, Answering Defendants aver that the purported Class Period no longer runs from February 18, 2021 through and including March 20, 2023.  Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4.

5.      Pursuant to the Court's Order, Answering Defendants aver that the purported Class Period no longer runs from February 18, 2021 through and including March 20, 2023.  Answering Defendants aver that to the extent Paragraph 5 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any

3

characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the allegations in Paragraph 5.

6.      Answering Defendants aver that to the extent Paragraph 6 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the allegations in Paragraph 6.

7.      Answering Defendants deny the allegations in Paragraph 7.

8.      Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 8 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 8 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the allegations in Paragraph 8.

9.      Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 9 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 9 purports to describe the content of an article by Reuters, the article speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 9.

10.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 10 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that, to the extent Paragraph 10 purports to describe the content of an article by Wall Street Journal, the article speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 10.

11.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 11 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that Paragraph 11 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 11.

12.     Answering Defendants aver that to the extent Paragraph 12 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants further state that, to the extent Paragraph 12 purports to describe the content of an article by Financial Times, the article speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 12.

13.     To the extent Paragraph 13 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full

5

content and context.  Answering Defendants further state that, to the extent Paragraph 13 purports to describe the content of an interview with Bloomberg Television, the interview speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 13.

14.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 14 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 14 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the allegations in Paragraph 14.

15.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 15 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 15 purports to describe the content of a Reuters article, the article speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 15.

16.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 16 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that Paragraph 16

purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 16.

17.     Answering Defendants aver that to the extent Paragraph 17 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the allegations in Paragraph 17.

18.     Paragraph 18 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 18.

19.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 19 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 19 purports to describe the content of an article by Reuters, the article speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 19.

20.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 20 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that Paragraph 20 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 20.

21.    Answering Defendants aver that to the extent Paragraph 21 purports to describe the contents of public statements by FINMA, the statements speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said statements for their full content and context.  Answering Defendants otherwise deny the allegations in Paragraph 21.

22.    Answering Defendants aver that to the extent Paragraph 22 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants further state that, to the extent Paragraph 22 purports to describe the content of one or more CNBC articles, the articles speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 22.

23.    Paragraph 23 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 23.

24.    Answering Defendants deny the allegations contained in Paragraph 24.

25.    Answering Defendants deny the allegations contained in Paragraph 25.

26.    Paragraph 26 contains Plaintiff's characterization of this Action as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 26.

27.    Paragraph 27 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants admit that

Plaintiff purports to bring this action pursuant to the Exchange Act and to assert jurisdiction under 28 U.S.C. § 1331 and Section 27 of the Exchange Act.

28.     Paragraph 28 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 28, except admit that Plaintiff purports to assert venue under 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa) and that certain CS AT1 bonds were traded in the U.S.

29.     Paragraph 29 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 29.

30.     Pursuant to the Court's Order, Answering Defendants aver that the purported Class Period no longer runs from February 18, 2021 through and including March 20, 2023.  Answering Defendants deny that CS AT1 bonds were sold at "artificially inflated prices during the Class Period," and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 30.

31.     In response to the first sentence of Paragraph 31, Answering Defendants admit that prior to CS's merger with UBS, it was headquartered and incorporated in Zurich, Switzerland.  In response to the second sentence of Paragraph 31, Answering Defendants aver that the sentence purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in the second sentence of Paragraph 31.

32.     Answering Defendants admit the allegations contained in Paragraph 32.

33.     Answering Defendants admit the allegations contained in Paragraph 33.

34.     Answering Defendants admit the allegations contained in Paragraph 34.

35.     Pursuant to the Court's Order, Mr. Horta-Osório is dismissed from this Action, and no responsive pleading to this allegation is required.  Without prejudice to this position, Answering Defendants admit that Mr. Horta-Osório served as Chairman of the CS Board of Directors between April 2021 and January 2022, and otherwise deny any remaining allegations contained in Paragraph 35.

36.     Pursuant to the Court's Order, Mr. Gottstein is dismissed from this Action, and no responsive pleading to this allegation is required.  Without prejudice to this position, Answering Defendants aver that the purported Class Period no longer runs from February 18, 2021 through and including March 20, 2023, but admit that Mr. Gottstein resigned as CS CEO in July 2022, and otherwise deny any remaining allegations contained in Paragraph 36.

37.     Pursuant to the Court's Order, Mr. Mathers is dismissed from this Action, and no responsive pleading to this allegation is required.  Without prejudice to this position, Answering Defendants aver that the purported Class Period no longer runs from February 18, 2021 through and including March 20, 2023, but admit that Mr. Mathers' resignation as CS CFO was announced in August 2022, and otherwise deny any remaining allegations contained in Paragraph 37.

38.     As the Court's Order dismissed each of the Dismissed Individuals from this Action, Answering Defendants aver that the Dismissed Individuals are no longer Defendants in this Action, and therefore no responsive pleading is required from them with respect to any allegation in the Complaint, including those that refer to the "Individual Defendants" or the "Credit Suisse Defendants."  Without prejudice to this position, Answering Defendants admit that Plaintiff purports to define the "Individual Defendants" in the first sentence of Paragraph 38 and to define the "Credit Suisse Defendants" in the second sentence of Paragraph 38, but deny any implication

that any of the Answering Defendants or the Dismissed Individuals engaged in any wrongdoing whatsoever.

39.    Paragraph 39 contains legal conclusions to which no response is required.  Pursuant to the Court's Order, Plaintiff's claims relating to the Dismissed Individuals have been dismissed, and those Answering Defendants need not respond to such allegations.  To the extent a response is required, Answering Defendants deny the legal conclusions and all other allegations contained in Paragraph 39, except admit that the Answering Individual Defendants were provided with copies of certain of CS's filings with the Securities and Exchange Commission ("SEC") prior to their issuance.

40.    Pursuant to the Court's Order, PwC is dismissed from this Action, and no responsive pleading to this allegation is required.  Without prejudice to this position, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 40, and admit to the allegations in the second sentence of Paragraph 40.

41.    Pursuant to the Court's Order, PwC is dismissed from this Action, and no responsive pleading to this allegation is required.  Without prejudice to this position, Answering Defendants admit that Plaintiff purports to define the "Defendants," but deny any implication that any of the Answering Defendants or the Dismissed Individuals engaged in any wrongdoing whatsoever.

42.    Answering Defendants admit that prior to CS's merger with UBS, it and certain of its subsidiaries provided various financial services in various locations across the world that included wealth management, private banking, and investment banking services.

43.    Answering Defendants admit that prior to CS's merger with UBS, CS's securities offerings included AT1 bonds.  Answering Defendants further aver that to the extent Paragraph 43 purports to describe the contents of any public statement by FINMA, the statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said statement for its full content and context.  Answering Defendants otherwise deny the allegations in Paragraph 43.

44.    Pursuant to the Court's Order, Answering Defendants aver that the purported Class Period no longer runs from February 18, 2021 through and including March 20, 2023.  Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 44.

45.    Pursuant to the Court's Order, Answering Defendants aver that the purported Class Period no longer runs from February 18, 2021 through and including March 20, 2023.  Answering Defendants aver that to the extent Paragraph 45 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants further state that to the extent Paragraph 45 purports to describe the contents of a settlement agreement between a CS subsidiary and the U.S. Department of Justice, the settlement agreement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said settlement agreement for its full content and context.  Answering Defendants otherwise deny the allegations in Paragraph 45.

46.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 46 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that, pursuant to the

Court's Order, the purported Class Period no longer runs from February 18, 2021 through and including March 20, 2023. Answering Defendants aver that to the extent Paragraph 46 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 46.

47.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 47 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 47 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 47.

48.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 48 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 48 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 48.

49.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 49 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent

Paragraph 49 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 49.

50.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 50 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 50 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants further state that, to the extent Paragraph 50 purports to describe the content of press articles, the articles speak for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 50.

51.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 51 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 51 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 51.

52.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 52 have been dismissed, and Answering Defendants need not respond to such

allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 52 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 52.

53.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 53 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 53 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 53.

54.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 54 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 54 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 54.

55.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 55 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 55 purports to describe the contents of any CS public filing or statement, the filing or

statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants further state that, to the extent Paragraph 55 purports to describe the content of press articles, the articles speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 55.

56.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 56 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 56 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 56.

57.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 57 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 57 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 57.

58.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 58 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent

Paragraph 58 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 58.

59.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 59 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 59 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 59.

60.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 60 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 60 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 60.

61.     Pursuant to the Court's Order, PwC is dismissed from this Action, and no responsive pleading to this allegation is required.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 61 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full

content and context.  Answering Defendants also state that to the extent Paragraph 61 purports to describe the contents of any public accounting standards, those standards speak for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said standards for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 61.

62.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 62 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 62 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 62.

63.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 63 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 63 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 63.

64.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 64 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 64 purports to describe the contents of any CS public filing or statement, the filing or

statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 64.

65. Answering Defendants aver that to the extent Paragraph 65 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 65.

66. Answering Defendants aver that to the extent Paragraph 66 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 66.

67. Answering Defendants aver that to the extent Paragraph 67 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 67.

68. Answering Defendants aver that to the extent Paragraph 68 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 68.

69.     Answering Defendants aver that to the extent Paragraph 69 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 69.

70.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 70 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 70 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 70.

71.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraphs 46 through 64 and Paragraph 70 (to which Paragraph 71 refers), and Plaintiff's claims in section (v) of Paragraph 71, have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants deny the allegations in Paragraph 71.

72.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 72 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 72 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering

Defendants further state that, to the extent Paragraph 72 purports to describe the content of a Reuters article, the article speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to the article for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 72.

73.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 73 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Paragraph 73 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 73.

74.    Answering Defendants aver that to the extent Paragraph 74 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 74.

75.    Answering Defendants aver that to the extent Paragraph 75 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants further state that, to the extent Paragraph 75 purports to describe the content of a Financial Times article, the article speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 75.

76.     Answering Defendants aver that to the extent Paragraph 76 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 76.

77.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 77 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 77 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.   Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 77.

78.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 78 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 78 purports to describe the contents of press and/or market analyst articles, the articles speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 78.

79.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 77 (to which Paragraph 79 refers), and Plaintiff's claims in section (v) of Paragraph 79, have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants deny the allegations in Paragraph 79.

80.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 80 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 80 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 80.

81.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 81 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 81 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants further state that, to the extent Paragraph 81 purports to describe the content of a Reuters article, the article speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 81.

82.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 82 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that Paragraph 82 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 82.

83.     Answering Defendants aver that to the extent Paragraph 83 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 83.

84.     Paragraph 84 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 84.

85.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 85 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 85 purports to describe the content of a Reuters article, the article speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 85.

86.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 86 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that Paragraph 86 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 86.

87.     Answering Defendants aver that to the extent Paragraph 87 purports to describe the content of public FINMA statements, the statements speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said statements for their full

24

content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 87.

88.    Answering Defendants aver that to the extent Paragraph 88 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 88.

89.    Answering Defendants aver that to the extent Paragraph 89 purports to describe the content of a CNBC article, the article speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 89.

90.    Paragraph 90 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 90.

91.    Answering Defendants deny the allegations in Paragraph 91.

92.    Answering Defendants deny the allegations in Paragraph 92.

93.    Pursuant to the Court's Order, Plaintiff's claims against PwC have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants otherwise deny the remaining allegations contained in Paragraph 93, except admit that at the Annual General Meeting of Shareholders on April 30, 2020, CS shareholders voted to approve the Board of Directors' proposal that PwC should succeed the

Company's prior auditor KPMG AG, and that PwC's appointment became effective for the fiscal year ended December 31, 2020.

94.     Pursuant to the Court's Order, Plaintiff's claims against PwC have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 94 purports to describe provisions of the Sarbanes-Oxley Act ("SOX") and/or public accounting standards, those provisions and standards speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said provisions and standards for their full content and context.  Answering Defendants otherwise deny the remaining allegations in Paragraph 94, except admit that the role of independent auditors like PwC can be, at least in part, to determine whether a company's financial statements were prepared in accordance with generally accepted accounting principles ("GAAP").

95.     Pursuant to the Court's Order, Plaintiff's claims against PwC have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that Paragraph 95 purports to assert conclusions of law as to which no responsive pleading is required.  Answering Defendants otherwise deny the remaining allegations in Paragraph 95, except admit (i) that independent auditors are generally paid for their services and (ii) that the Public Company Accounting Oversight Board ("PCAOB") describes its role as, in part, to oversee the audits of public companies and to establish or adopt auditing and related attestation, quality control, ethics, and independence standards.

96.     Pursuant to the Court's Order, Plaintiff's claims against PwC have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants otherwise deny the allegations in Paragraph 96, except (i) admit

that the PCAOB describes its role as, in part, to inspect registered public accounting firms' audits and quality control systems and (ii) deny knowledge and information sufficient to form a belief as to the extent to which the PCAOB's lists of firms, areas, and/or audits to be inspected are or are not public.

97.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations against PwC have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants state that to the extent Paragraph 97 purports to describe statements or filings of the Co-Director of the SEC's Enforcement Decision Division or the U.S. Attorney's Office for the Southern District of New York, such statements or filings speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said statements and filings for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 97.

98.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 98 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants state that to the extent Paragraph 98 purports to describe the contents of any PwC letter attached to one of CS's public filings, the letter speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said letter for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 98.

99.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 99 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 99 purports to describe the contents of any CS public filing or statement, the filing or

statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 99.

100.    Paragraph 100 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 100.

101.    Paragraph 101 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 101.

102.    Paragraph 102 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 102, except admit that Plaintiff purports to bring this Action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

103.    Paragraph 103 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 103, except admit that certain CS AT1 bonds were traded in the U.S.

104.    Paragraph 104 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 104.

105.    Paragraph 105 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 105.

106.    Paragraph 106 purports to assert conclusions of law as to which no responsive pleading is required.  Pursuant to the Court's Order, Plaintiff's claims relating to the Dismissed Individuals have been dismissed, and those Answering Defendants need not respond to such allegations.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 106.

107.    Paragraph 107 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 107.

108.    Paragraph 108 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 108, except (i) admit that certain CS AT1 bonds were traded in the U.S. and (ii) deny knowledge and information sufficient to form a belief as to Plaintiff's characterization as to the level of trading volume of CS's AT1 bonds during certain time periods.

109.    Paragraph 109 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 109.

110.    Paragraph 110 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 110.

111.    Answering Defendants repeat and restate their answers set forth in the preceding paragraphs, inclusive, as though fully set forth herein.

112.    Paragraph 112 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the

allegations contained in Paragraph 112, except Answering Defendants admit that Plaintiff purports to assert claims under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

113.    Answering Defendants deny the allegations in Paragraph 113.

114.    Answering Defendants deny the allegations in Paragraph 114.

115.    Answering Defendants deny the allegations in Paragraph 115.

116.    Pursuant to the Court's Order, Plaintiff's claims relating to the Dismissed Individuals have been dismissed, and those Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the allegations in Paragraph 116.

117.    Paragraph 117 purports to assert conclusions of law as to which no responsive pleading is required.  Pursuant to the Court's Order, Plaintiff's claims relating to the Dismissed Individuals have been dismissed, and those Answering Defendants need not respond to such allegations.   To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 117.

118.    Paragraph 118 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 118, except admit that certain CS AT1 bonds were traded in the U.S.

119.    Paragraph 119 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 119.

120.    Paragraph 120 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 120.

121.    Answering Defendants repeat and restate their answers set forth in the preceding paragraphs, inclusive, as though fully set forth herein.

122.    Paragraph 122 purports to assert conclusions of law as to which no responsive pleading is required.  Pursuant to the Court's Order, Plaintiff's claims relating to the Dismissed Individuals have been dismissed, and those Answering Defendants need not respond to such allegations.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 122.

123.    Paragraph 123 purports to assert conclusions of law as to which no responsive pleading is required.  Pursuant to the Court's Order, Plaintiff's claims relating to the Dismissed Individuals have been dismissed, and those Answering Defendants need not respond to such allegations.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 123.

124.    Paragraph 124 purports to assert conclusions of law as to which no responsive pleading is required.  Pursuant to the Court's Order, Plaintiff's claims relating to the Dismissed Individuals have been dismissed, and those Answering Defendants need not respond to such allegations.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 124.

125.    Paragraph 125 purports to assert conclusions of law as to which no responsive pleading is required.  Pursuant to the Court's Order, Plaintiff's claims relating to the Dismissed Individuals have been dismissed, and those Answering Defendants need not respond to such allegations.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 125.

126.    Paragraph 126 purports to assert conclusions of law as to which no responsive pleading is required.  Pursuant to the Court's Order, Plaintiff's claims relating to the Dismissed Individuals have been dismissed, and those Answering Defendants need not respond to such allegations.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 126.

In response to the Complaint's unnumbered Prayer for Relief, no response is required because the section merely purports to describe the relief Plaintiff seeks in this Action.  To the extent a response is required, Answering Defendants deny that any of the requested relief is warranted and deny any other allegations contained in the Prayer for Relief.

In response to the Complaint's unnumbered demand for trial by jury, Answering Defendants admit that Plaintiff purports to seek a trial by jury.

## GENERAL DENIAL

Answering Defendants deny any wrongdoing and, except as expressly admitted in response to Paragraphs 1 through 126 (and the unnumbered first paragraph, unnumbered Prayer for Relief, and unnumbered Demand for Trial by Jury) above, deny all allegations in the Complaint. Answering Defendants specifically deny that Plaintiff is entitled to any of the relief prayed for against Answering Defendants in the Complaint.  Answering Defendants expressly reserve the right to amend and/or supplement this Answer and Answering Defendants' defenses.

## DEFENSES

Without admitting any wrongful conduct on their part, and without conceding that they have the burden of proof on any of the following defenses, Answering Defendants assert the following defenses to the Complaint:

## FIRST DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff lacks standing to assert the claims alleged in this action.

## SECOND DEFENSE

Plaintiff's and the putative class's claims for relief are barred, in whole or in part, because the information Plaintiff claims to have been misrepresented or omitted from Answering Defendants' statements was in fact publicly disclosed or otherwise in the public domain and, as such, the alleged "truth" that Plaintiff claims was misrepresented or concealed was available to Plaintiff and members of the putative class.

## THIRD DEFENSE

Plaintiff's and the putative class's claims for relief are barred, in whole or in part, because the statements upon which Plaintiff's claims are based do not contain any material misrepresentation or omission.

## FOURTH DEFENSE

Plaintiff's and the putative class's claims for relief are barred, in whole or in part, because Answering Defendants did not act with the requisite scienter.

## FIFTH DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff did not rely, or did not reasonably rely, on any alleged misstatements or omissions by Answering Defendants and any putative class members are not entitled to any presumption of reliance, including the "fraud-on-the-market" presumption.

33

## SIXTH DEFENSE

Plaintiff's and the putative class's claims for relief are barred, in whole or in part, because Answering Defendants did not directly, actually, or proximately cause or contribute to any damage, loss, or injury allegedly sustained by Plaintiff.

## SEVENTH DEFENSE

Plaintiff's and the putative class's claims for relief are barred, in whole or in part, because the injury alleged by Plaintiff, to the extent any exists, was caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of Answering Defendants, by the conduct of third parties for whom Answering Defendants were not responsible, through forces in the marketplace over which Answering Defendants had no control, or through acts or omissions by the Plaintiff, and/or members of the putative class.

## EIGHTH DEFENSE

Plaintiff's and the putative class's claims for relief are barred, in whole or in part, because Plaintiff and/or the putative class members had actual or constructive knowledge regarding the information Plaintiff now alleges was misrepresented or omitted and thus assumed the risk that, in investing in CS securities, Plaintiff might suffer financial losses.

## NINTH DEFENSE

This action cannot be maintained as a class action as a matter of law and fact.

## TENTH DEFENSE

Plaintiff's and the putative class's claims for relief are barred, in whole or in part, because Plaintiff cannot prove injury, including because Plaintiff and the putative class members did not suffer an injury-in-fact.

## ELEVENTH DEFENSE

Plaintiff's and the putative class's claims for relief are barred, in whole or in part, because Plaintiff's and the putative class's alleged damages, if any, are speculative, uncertain, and cannot be ascertained.

## TWELFTH DEFENSE

Recovery on Plaintiff's and the putative class's claims for relief is barred, in whole or in part, by Plaintiff's and the putative class members' failure to mitigate their alleged damages, if any.

## THIRTEENTH DEFENSE

Plaintiff and the putative class are not entitled to recovery of interest, costs, expenses, or attorneys' fees in connection with this action.

## FOURTEENTH DEFENSE

Plaintiff's and the putative class's claims are barred, in whole or in part, because any recovery would result in unjust enrichment to Plaintiff and the putative class.

## FIFTEENTH DEFENSE

Plaintiff's and the putative class's claims are barred, in whole or in part, by the doctrines of estoppel, ratification, and/or unclean hands.

## SIXTEENTH DEFENSE

Plaintiff's and the putative class's claims are barred, in whole or in part, by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 77z-2(c).

## SEVENTEENTH DEFENSE

Plaintiff's and the putative class's claims are barred, in whole or in part, because the alleged misstatements and omissions were non-actionable expressions of opinion, puffery, or soft information.

## EIGHTEENTH DEFENSE

Plaintiff's and the putative class's claims against the Answering Individual Defendants are barred, in whole or in part, because those Answering Defendants did not have "control" over CS as that term is used in Section 20(a) of the Exchange Act during relevant portions of the putative class period.

## NINETEENTH DEFENSE

Plaintiff's and the putative class's claims against the Answering Individual Defendants are barred, in whole or in part, because the Answering Individual Defendants were not "culpable participants" in any alleged violations of the law, as that term is used in Section 20(a) of the Exchange Act.

## TWENTIETH DEFENSE

The Answering Individual Defendants are not liable for acts or omissions that allegedly occurred at CS at times when the Answering Individual Defendants were not officers of CS.

## ADDITIONAL DEFENSES

By designating the aforementioned defenses, Answering Defendants do not in any way waive or limit any defenses, which are or may be raised by their denials and averments. These defenses are pleaded in the alternative, and are raised to preserve the rights of Answering Defendants to assert such defenses, and are without prejudice to Answering Defendants' ability to raise other and further defenses. Answering Defendants expressly reserve all rights to re-evaluate

their defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and during pretrial proceedings in this action.

Dated:  July 21, 2025

**CAHILL GORDON & REINDEL LLP**

By: /s/ Jason M. Hall
Herbert S. Washer
Jason M. Hall
Edward N. Moss
Tammy L. Roy
Nicholas N. Matuschak
32 Old Slip
New York, New York 10005
(212) 701-3000
hwasher@cahill.com
jhall@cahill.com
emoss@cahill.com
troy@cahill.com
nmatuschak@cahill.com

*Attorneys for Defendant Credit Suisse Group AG*

**GOODWIN PROCTER LLP**

By: /s/ Richard M. Strassberg
Richard M. Strassberg
Daniel P. Roeser
Jessica Vogele
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 813-8800
rstrassberg@goodwinlaw.com
droeser@goodwinlaw.com
jvogele@goodwinlaw.com

*Attorneys for Defendant Axel P. Lehmann*

**MILBANK LLP**

/s/ George S. Canellos
George S. Canellos
55 Hudson Yards
New York, New York 10001
Telephone:  212-530-5000
gcanellos@milbank.com

Brenton T. Culpepper
1850 K. Street, NW, Suite 1100
Washington D.C. 20006

*Attorneys for Ulrich Körner*

**HECKER FINK LLP**

/s/ Sean Hecker
Sean Hecker
Kate L. Doniger
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212) 763-0883
shecker@heckerfink.com
kdoniger@heckerfink.com

*Attorneys for Defendant Dixit Joshi*

<u>Attestation Pursuant to Electronic Case Filing Rule 8.5</u>

I, Jason M. Hall, attest that concurrence in the filing of this document has been obtained from all other signatories.

/s/ Jason M. Hall
Jason M. Hall