**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CREDIT SUISSE SECURITIES FRAUD CLASS ACTIONS | Case No. 1:23-cv-9287-GHW-OTW |
| THIS DOCUMENT RELATES TO: *Core Capital* | |

**LEAD PLAINTIFF CORE CAPITAL'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO AMEND**

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

I.    DEFENDANTS CONCEDE THAT CORE CAPITAL SHOULD BE PERMITTED TO AMEND THE OC TO ADD DIABAT STATEMENTS 1-10 AND 13 .................. 2

II.    NONE OF THE MISSTATMENTS CORE CAPITAL SEEKS TO ADD IN THE PAC ARE TIME-BARRED .......................................................................................... 3

    A.    Diabat Statements 11-12 and 14-17 are Not Time-Barred .................................... 3

    B.    New Statement 11 is Not Time-Barred. ................................................................. 6

III.    THE COURT SHOULD PERMIT CORE CAPITAL TO AMEND THE OC TO ADD THE NEW MISSTATEMENTS AND SUPPORTING ALLEGATIONS FROM THE DIABAT PSAC ................................................................................................ 7

CONCLUSION ....................................................................................................................... 7

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baron A. Wolman Archives Tr. through Wareham v. Complex Media, Inc.*,
  2022 WL 523597 (S.D.N.Y. Feb. 22, 2022) ................................................................6

*Crystal IS, Inc. v. Nitride Semiconductors Co.*,
  2023 WL 2726702 (N.D.N.Y. Mar. 31, 2023) .............................................................6

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
  916 F. Supp. 2d 454 (S.D.N.Y. 2013) .........................................................................6

*In re Glob. Crossing, Ltd. Sec. Litig.*,
  471 F. Supp. 2d 338 (S.D.N.Y. 2006) .........................................................................5

*In re UBS AG Sec. Litig.*,
  2012 WL 4471265 (S.D.N.Y. Sept 28, 2012), *aff'd sub nom. City of Pontiac
  Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014) ...........2

*Sherman v. Abengoa, S.A.*,
  156 F.4th 152 (2d Cir. 2025) ......................................................................................4

*Slayton v. Am. Express Co.*,
  460 F.3d 215 (2d Cir. 2006) .....................................................................................4, 5

Lead Plaintiff Core Capital Partners, Ltd. ("Core Capital"), hereby submits this memorandum of law in further support of its motion for leave to file its Proposed Amended Complaint.[1] *See* Core Capital Dkt. Nos. 64-69. In addition, as set forth below, Core Capital joins in full and incorporates by reference the arguments advanced by counsel for the Lead Plaintiff ("Diabat") in his reply ("Diabat Reply") in further support of his "Combined Motion for Leave to File Second Amended Complaint and Motion for Reconsideration" (Consolidated Dkt. Nos. 197-201 ("Diabat Motion")) in the action arising out of the same allegations as, and proceeding in parallel with, this action, captioned *Diabat v. Credit Suisse Group AG, et al.*, Case No. 1:23-cv-5874-CM ("*Diabat*"). *See Diabat* Dkt. No. 212.

## INTRODUCTION

The Motion seeks leave to amend Core Capital's operative complaint (Core Capital Dkt. No.1 ("OC")) to (i) revise one misrepresentation this Court previously held was actionable, (ii) add 17 misrepresentations this Court held were actionable in *Diabat*, but were not expressly alleged in the OC (the "Diabat Statements"), and (iii) add 11 misrepresentations that Diabat has sought to leave to add to his PSAC in the Diabat Motion (the "New Statements"). *See* Mot. at 1. As set forth in the Motion, leave should be granted because there is no prejudice to Defendants, the Court previously held that the complaint in *Diabat* is incorporated by reference into the OC, and the New Statements are appropriately added for the reasons set forth in the Diabat Motion, which is expressly joined in and incorporated by reference in the Motion. *See id.* at 1-2.

---

[1] References to "Motion" or "Mot." are to Core Capital's opening brief in support of its motion for leave to file the PAC. *See* Core Capital Dkt. No 66. The PAC is filed on the Core Capital docket in redacted and unredacted form. *See* Core Capital Dkt. Nos 67-1 (redacted), 68-1 (unredacted). All capitalized terms not defined herein shall have the meanings assigned to them in the Motion or the PAC. References to "Opposition" or "Opp." are to Defendants' memorandum of law in opposition to the Motion. *See* Core Capital Dkt. No. 70. For ease of reading, in all citations all emphasis is added and internal citations or quotations omitted unless otherwise indicated.

The Opposition effectively concedes that Core Capital should be permitted to revise the statement previously held actionable by the Court and to add Diabat Statements 1-10 and 13. Nor does the Opposition contend that Defendants would suffer any prejudice if Core Capital was permitted to add the remaining six Diabat Statements. Instead, the Opposition incorporates by reference its arguments against New Statements 1-10 that it raised in opposing the Diabat Motion and asserts that Diabat Statements 11-12 and 14-17 and New Statement 11 are time-barred because they do not relate back to the OC.

As set forth below, the Opposition lacks merit. The OC alleged that Defendants made misstatements to conceal Credit Suisse's true condition by overstating its financial position and/or prospects in the run-up to its collapse and forced merger with UBS (the "Merger"). Diabat Statements 11-12 and 14-17 and New Statement 11 arise out of this "conduct, transaction, or occurrence," and thus relate back to the OC. Accordingly, they are not time-barred and the Motion should be granted in full.

## ARGUMENT

### I. DEFENDANTS CONCEDE THAT CORE CAPITAL SHOULD BE PERMITTED TO AMEND THE OC TO ADD DIABAT STATEMENTS 1-10 AND 13.

The Opposition asserts that Core Capital should not be permitted to amend the OC to add Diabat Statements 11-12 and 14-17 and New Statement 11. However, the Opposition does *not* assert any arguments as to why the Motion should be denied as to the statement this Court has already sustained (*see* Mot. at 5-6) and Diabat Statements 1-10 and 13 (*see* Mot. at 6-8). Defendants thus effectively concede that Core Capital should be permitted to file an amended complaint that amends or includes those statements. *See In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *11 (S.D.N.Y. Sept 28, 2012) (party "concedes through silence that…because an argument not addressed in an opposition brief [is] waived"), *aff'd sub nom. City of Pontiac*

2

*Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014). In fact, the Opposition appears to recognize that it is appropriate to allow Core Capital to amend the OC to include Diabat Statements 1-10 and 13 by acknowledging that "some of the Diabat Statements concern issues already raised in the OC." Opp. at 4. Accordingly, Core Capital should be granted leave to file an amended complaint adding Diabat Statements 1-10 at 13.

## II.    NONE OF THE MISSTATMENTS CORE CAPITAL SEEKS TO ADD IN THE PAC ARE TIME-BARRED

Except for arguments concerning New Statement 1-10 set forth in Defendants' opposition to the Diabat Motion, which the Opposition incorporates by reference (*see* Opp. at 2), Defendants do not assert that the Motion should be denied as to Diabat Statements 11-12 and 14-17 or New Statement 11 on the grounds of futility or prejudice. *See* Opp. at 2-7. Instead, Defendants incorrectly assert that the statements are time-barred.

### A.    Diabat Statements 11-12 and 14-17 are Not Time-Barred

The Opposition asserts that Diabat Statements 11-12 and 14-17 are time-barred because the statements do not "relate back" to Core Capital's OC and Core Capital has waived the issue of timeliness. Defendants are wrong.

As an initial matter, there is no issue as to the timeliness of Diabat Statements 11-12 and 14-17 because those statements have been part of this action all along. When Defendants moved to dismiss the OC, Defendants argued that Plaintiffs failed to allege scienter for any misstatements because the OC did not allege the same facts that had been alleged in the Diabat complaint. *See* ECF No. 28 at 16-17; ECF No. 31 at 9-10. The Court squarely rejected this argument on the ground that the OC "incorporates Diabat's [complaint] by reference." ECF No. 138 at 11. Here, in arguing that Diabat Statements 11-12 and 14-17 are not part of Core Capital's case, Defendants simply reassert, in the context of falsity, the same argument concerning the adequacy of Core Capital's

3

allegations that this Court rejected in the context of scienter. *See* ECF No. 138 at 11. Core Capital suspected that Defendants would challenge whether these statements were part of its case at some point, and rather than let the issue fester until summary judgment, Core Capital is simply asking the Court to affirm now that the statements are part of this case, either by reaffirming its prior ruling or permitting the filing of the PAC.

Moreover, while Defendants assert that "the Court did not hold that all misstatements it found actionable" in *Diabat* "were included in the OC" when it denied Defendants' motion to dismiss the OC, that only is because Defendants' motion to dismiss focused on whether (i) *Diabat* precluded this action, (ii) the Swiss government's forcing of the Merger precluded Core Capital from alleging loss causation, and (iii) the OC constituted "puzzle pleading." Defendants did not raise the issue of whether the Core Capital could proceed on the Diabat Statements.

Even if the Court conducts a relation-back analysis, however, Diabat Statements 11-12 and 14-17 are timely because they "ar[i]se out of the conduct, transaction, or occurrence" alleged in the OC. *See Sherman v. Abengoa, S.A.*, 156 F.4th 152, 163 (2d Cir. 2025). As the Second Circuit has held, the "central inquiry" in a relation back analysis "is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by ***the general fact situation*** alleged in the original pleading." *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006).

The gravamen of the OC was that Defendants made misstatements to conceal Credit Suisse's true condition by overstating its financial position and/or prospects in the run-up to the Merger. *See*, e.g., Core Capital Dkt. No. 1 ¶¶6-7. Among other things, the OC alleged that Credit Suisse began experiencing "a sharp increase in customer outflows" in October 2022 and, "***[i]n the months following these outflows***" *i.e.*, the run-up to the Merger, Defendants misrepresented the

4

Bank's financial condition by falsely reassuring "investors that the rate of customer outflows had either reversed or else completely stopped."

Diabat Statements 11-12 and 14-17 directly concern Defendants' efforts to conceal Credit Suisse's true financial condition. For example, Statement 11, Defendant Koerner's February 9, 2023 statement that outflows "have reduced very significantly and we are seeing new money coming back in different parts of the firm" (PAC ¶164), and Statement 15, his March 14, 2023 references to "material good inflows" and "significantly moderat[ing]" outflows (PAC ¶¶176-77), on their face squarely concern the misrepresentations about (OC ¶6). Similarly, as this Court previously held, Statement 12, which misrepresented the Bank's capital and liquidity, was actionable because it "paint[s] too rosy a picture of Credit Suisse's financial condition just days before it would enter into a merger designed to stave off its collapse" (Order at 226) and thus was part of Defendants' efforts to overstate the Bank's financial position. OC ¶7. Likewise, Statements 14, 16, and 17 also concerned Defendants' efforts to conceal Credit Suisse's precarious financial condition and thus relate back for the same reason. *See* Order at 224, 232, 234. Accordingly, Diabat Statements 11-12 and 14-17 relate back to the OC because they relate to "the misrepresentation of [Credit Suisse's] financial picture during the years leading up to its bankruptcy and ultimate collapse." *See In re Glob. Crossing, Ltd. Sec. Litig.*, 471 F. Supp. 2d 338, 353–54 (S.D.N.Y. 2006).

Tellingly, the Opposition does not appear to assert that these statements are time-barred because they refer to different subject matter or a different theory of liability and thus Defendants were not on notice of Core Capital's claims. *See* Opp. at 3-7; *see Slayton*, 460 F.3d at 228. Instead, the Opposition contends that the statements do not relate back because they occurred in 2023, and the OC only contained allegations concerning 2022. *See* Opp. at 5-6 ("[s]ince Core Capital's original pleading does not speak at all to CS's February and March 2023 financial condition, Core

Capital's allegations…do not relate back"). This is contracted by the face of the OC, however, which expressly alleged the Bank's poor financial condition "[i]n the **_months_** following" October 2022, *i.e.*, into 2023, as well as its poor condition in February and March 2023. *See* OC ¶¶6, 14-15, 17. In addition, even if the OC only concerned 2022—which it does not—earlier-in-time allegations can provide defendants with notice of proposed amendments concerning later events. *See, e.g.*, *In re Am. Int'l Grp., Inc. Sec. Litig.*, 916 F. Supp. 2d 454, 461 (S.D.N.Y. 2013) ("the ensuing allegations are just another component of the scheme alleged initially").

Finally, Defendants incorrectly assert that Core Capital has waived whether Diabat Statements 11-12 and 14-17 are time-barred by failing to affirmatively address timeliness in its opening brief. *See* Opp. at 4-5. Core Capital did not make Defendants' argument for them—that the statements could be time-barred—because, as set forth in the Motion, the Diabat Statements were obviously timely given that they have always been part of Core Capital's action and Defendants have been litigating them throughout discovery. *See* Mot. at 6-7. Regardless, there is no waiver because Core Capital may respond in this reply brief to an argument raised in an opposition brief. *See Murphy v. Argo Blockchain plc*, 683 F. Supp. 3d 211, 220 (E.D.N.Y. 2023) ("[t]he purpose of the reply brief is to respond to arguments raised in opposition"); *Baron A. Wolman Archives Tr. through Wareham v. Complex Media, Inc.*, 2022 WL 523597, at \*5 (S.D.N.Y. Feb. 22, 2022) ("reply was the first opportunity to address…arguments raised in opposition"); *Crystal IS, Inc. v. Nitride Semiconductors Co.*, 2023 WL 2726702, at \*3 (N.D.N.Y. Mar. 31, 2023) (no waiver "because a reply memorandum of law may properly contain arguments responding to arguments asserted in an opposition memorandum of law") (citing cases).

### B.    New Statement 11 is Not Time-Barred.

The Opposition asserts that, while New Statement 11 "relat[es] back to facts pleaded in *Diabat*," and thus Diabat should be permitted to amend his complaint to include that statement,

6

Core Capital should not be permitted to add New Statement 11 because the OC "does not allege that Defendants made any false statements in 2023" and does not include the allegations alleged in Diabat's complaint. This argument fails for the reasons set for in Section II.A *supra*, namely that this Court has already held that the OC incorporates Diabat's complaint by reference, and because the New Statement 11 concerns Defendants' efforts to conceal Credit Suisse's true condition by overstating the Bank's financial position and/or prospects in the run-up to the Merger, which the OC alleges continued into 2023.

**III.   THE COURT SHOULD PERMIT CORE CAPITAL TO AMEND THE OC TO ADD THE NEW MISSTATEMENTS AND SUPPORTING ALLEGATIONS FROM THE DIABAT PSAC**

Core Capital's PAC, filed with the Motion, added all the New Statements and supporting allegations Diabat sought to add in his PSAC. *See* Mot. at 8. In addition, the Motion incorporated the arguments set forth in the Diabat Motion and joined the Diabat Motion in full. *See id.* at 1-2, 8. Core Capital further joins the Diabat Reply in full and incorporates its arguments by reference as to why Diabat, and, by extension, Core Capital, should be permitted to file their PSAC and PAC, respectively to add the New Statements and supporting allegations.

The Opposition asserted (with the exception of New Statement 11, addressed *supra*), that this Court should deny Core Capital leave to add the New Statements and supporting allegations solely on the grounds set forth in Defendants' opposition to the Diabat Motion. *See* Opp. at 2. Accordingly, if the Court grants any or all of the Diabat Motion, it should grant the Motion to the same extent and permit Core Capital to amend the OC to add the New Statements and supporting allegations to the PAC that it permits Diabat to add to Diabat's PSAC. *See id.*

**CONCLUSION**

For the reasons stated herein, the Motion should be granted in its entirety.

Dated: July 17, 2026

7

**POMERANTZ LLP**

/s/ Brian Calandra
Brian Calandra
Jeremy A. Lieberman
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
bcalandra@pomlaw.com
jalieberman@pomlaw.com

*Counsel for Plaintiff and Proposed Lead Counsel*
*for the Proposed Class*

**WORD COUNT CERTIFICATION**

I, Brian Calandra, certify that the foregoing memorandum of law complies with the word-count limitations set forth in Local Civil Rule 7.1(c). According to the word count of the word-processing program used to prepare the memorandum, and exclusive of the portions of it that are excluded by the rule, there are 2,358 words in the document.

*/s/ Brian Calandra*
Brian Calandra

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 17, 2026, a copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties whose counsel has appeared in this action, by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ Brian Calandra*
Brian Calandra