USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re: CREDIT SUISSE SECURITIES
FRAUD CLASS ACTIONS

This matter relates to 23 Civ. 9287 (CM)(SLC)

*Core Capital*

---------------------------------------------------------------x

MEMORANDUM ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

McMahon, J.:

The Court assumes familiarity with the procedural background of this case (Core Capital, 23 Civ. 9287) and its related case (Diabat, 23 Civ. 5874) which have been consolidated for the purposes of discovery and other pre-trial matters.

On November 12, 2026, the Court issued an Order permitting amendment of the *Diabat* complaint to add 10 additional statements and revive one previously dismissed statement, both on the basis of newly discovered evidence. The Court also granted a motion to reconsider its prior dismissal of the entire action as against Thomas Gottstein and David Mathers with prejudice, and allowed them to be added as defendants on certain of the newly pleaded claims.

Before the Court is Core Capital's motion for leave to amend its Operative Complaint. The proposed amendments can be grouped into three categories. Core Capital proposes to (1) revise one already-pleaded statement to be consistent with Diabat's Second Amended Complaint ("Category 1"); (2) add various alleged misrepresentations that were pleaded in Diabat's First Amended Complaint but that were not pleaded in the Operative Complaint ("Category 2"); and (3) add various alleged misrepresentations that were not previously pleaded in either action but that were added to Diabat's Second Amended Complaint pursuant to the Court's November 12, 2026 Order granting Diabat leave to amend ("Category 3").

Core Capital argues that there is no undue prejudice to Defendants, undue delay, futility, or bad faith, and that thus the amendments should be permitted. Core Capital also argues that the Court's statement that "Since Core Capital's Complaint incorporates Diabat's by reference" – made when deciding the adequacy of scienter in a previous ruling on a consolidated motion to dismiss – see Dkt. No. 34 at 11 – means that the statements in Category 2 automatically became part of the complaint in this action when the Court granted Diabat's motion to add them to his lawsuit.

Credit Suisse opposes amendment, incorporating by reference the same unpersuasive arguments that it raised in opposition to the motion for leave to amend in *Diabat*. However, Credit Suisse also argues that six Category 2 statements and one Category 3 statement are time-barred and do not relate back to any allegations in the Operative Complaint. It contends that Core Capital has waived any argument to the contrary by failing to address relation back in its brief and accompanying chart.

I have previously held as follows: "To the extent that Plaintiff alleges in the Core Capital complaint that specific statements made by Defendants were false and misleading, the court is going to rule in this case in exactly the same manner as I did in *Diabat*." Dkt. No. 19 at 2. Accordingly, and for substantially the reasons set forth in my November 12, 2026 Order in *Diabat* – which I hereby incorporate by reference – I reject Credit Suisse's opposition to the extent that it raises the same arguments as its *Diabat* brief and I grant Core Capital's motion for leave to amend. Basically, my goal is that the two cases, brought on behalf of two separate classes, should be proceeding on parallel tracks – different groups of plaintiffs asserting the same claims. That is how *Core Capital* was pleaded originally and that is how we are going to litigate this case.

It is not clear whether Core Capital is seeking, as Diabat sought, to add Gottstein and Mathers in as defendants in its case with respect to the four newly-pleaded statements that were allowed against them in *Diabat*. Unfortunately, I cannot simply "reconsider" my previous *sua sponte* dismissal of those two individuals from the case. They were dismissed because, while they were named in the caption of the Core Capital Operative Complaint, they were never served in this action. On January 18, 2024, Defendants filed a stipulation waiving service as to the Stipulating Defendants, who are "Credit Suisse Group AG, Axel P. Lehmann, Ulrich Körner, Dixit Joshi, António Horta-Osörio, and PricewaterhouseCoopers AG." Dkt. No 17. Notably, Gottstein and Mathers are not included in that stipulation, and a review of the docket confirms that they have not otherwise been served.

Unfortunately for the Core Capital plaintiffs, they would have to serve these two gentlemen in order to bring them into this lawsuit; the court lacks jurisdiction over a party who has not been served with a summons and complaint. *See Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (internal citation omitted) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). And unless and until the Core Capital plaintiffs serve Gottstein and Mathers, I have no basis on which to consider whether the claims against them are time barred. I note – without expressing any view about expiration either way – that, at a minimum, the statute of limitations is currently running.

That leaves the seven statements that Credit Suisse contends do not relate back to the allegations of the prior complaint and so are time barred. Credit Suisse's opposition rests on its argument that the statements are "an entirely distinct set of factual allegations" and thus "will not relate back." Dkt. No. 70 at 7 (quoting *Slayton* v. *Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006)). Specifically, Credit Suisse avers that these seven statements relate to Credit Suisse's financial condition in February and March 2023, but that the last alleged misstatement in the Operative Complaint is from December 2022.

At the outset, it is not clear that the proposed amendments are untimely. I previously wrote that "I will not today decide, when exactly the two-year statute of limitations began to run against the AT1 Bondholders – whether it be Diabat's October 5, 2023 amended complaint or his December 13, 2024 Motion to Certify a Class – but for the purpose of this decision, it is enough to find that the statute has likely begun to run again." Dkt. No. 34 at 25. I need not decide that question today either but simply note that relation back may not be necessary because the statute of limitations is tolled upon the filing of a class action. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974). That tolling later ceased here because the *Diabat* "consolidated class action complaint redefine[d] a class more narrowly than the prior individual complaints, and no longer assert[ed] claims on behalf of a portion of the consolidated class," and accordingly "the statute of limitations is no longer tolled under *American Pipe* for the 'abandoned' subclass" – here, the AT1 Bondholders. *In re New Oriental Educ. & Tech. Grp. Sec. Litig.*, 293 F.R.D. 483, 487 (S.D.N.Y. 2013); *see* Dkt. No. 34 at 25. But, as my prior decision recognized, it is not immediately apparent on which date the tolling ceased.

That said, even assuming *arguendo* that the statute of limitations has run, such that relation back would be necessary to make these amendments timely, Credit Suisse's arguments are hard to square with the Operative Complaint and the Court's previous rulings in this case. On the second page of the Operative Complaint, Core Capital defined the proposed class as those who acquired AT1 Bonds between February 18, 2021 *and March 20, 2023.* Dkt. No. 1 at 2 (emphasis added). Similarly, this Court granted class certification for persons and entities who acquired AT1 Bonds between October 27, 2022 *and March 20, 2023*. Dkt. No. 68 at 53 (emphasis added).

In weighing relation back under Rule 15(c)(1)(B), the "central inquiry is whether adequate notice of the matters raised in the amended pleading has been given . . . by the general fact situation alleged in the original pleading." *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (internal citation omitted). That standard is easily met here. Credit Suisse has been on notice from the beginning that Core Capital is alleging an integrated scheme of misstatements throughout the class period, up to and including March 20, 2023. There is nothing that distinguishes the February and March 2023 statements, such that they are an "entirely distinct set of factual allegations" from the statements that are pleaded in the Operative Complaint (including the December 2022 statement). *Id.* Accordingly, I find that the statements relate back and grant in full Core Capital's motion for leave to amend.

Answers to the Amended Complaint must be filed by December 9, 2026.

I have received and reviewed a response to my November 12, 2026 inquiries from the Diabat parties. The Core Capital case should be on exactly the same timetable. I am happy with the proposals made in the letter filed by counsel in *Diabat* last Friday, November 20, 2026.

Nothing in this decision requires sealing and the decision will not be sealed. I understand that Judge Cave is about to issue a ruling in respect to the disputed FINMA documents. As has been the practice thus far, any document that contains non-public content from any of the documents produced by FINMA must be filed under seal, with a redacted copy placed on the public docket.

This constitutes the written decision and order of the Court.

Dated: November 23, 2026

U.S.D.J.

BY ECF TO ALL COUNSEL